KIMBAL
*vs.*
BLANC & AL.

The new code ias wrought no change in the liability of steamboat owners.

*KIMBAL vs. BLANC & AL.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This suit is brought by the master, against the owners of the steam-boat Lady of the Lake, in which he claims from them the sum of $1,567 36, as a balance due to him, on account of disbursements made for the benefit of the boat, and for wages.

It appears, from the record, that Blanc alone was cited in the cause, who suffered judgment by default to be obtained against him, which his counsel afterwards made attempts to have set aside, without success, and after final judgment, took the present appeal.

Several bills of exceptions were taken to opinions of the court below, expressed in the course of the trial, on which, and on an assignment of error in law, apparent on the record, the cause now stands before this court.

The exceptions are not supported by the facts or law of the case. But we are of opinion, that there is error in law apparent in the final judgment.

The suit is against joint owners of a steamboat, and the petition charges them as being

liable *in solido*. The judgment is rendered against one only, for the whole amount claimed. The error, assigned, is an improper understanding and misapplication of the law, in relation to partnerships. As it existed previous to the adoption of the L. Code, respecting joint owners of steam-boats, we are not left in doubt, since the decision of the case of *Carrol vs. Waters*, reported in 9 *Martin*, 500. They were liable only according to their interest in such property—not bound *in solido* in contracts concerning its management and use. The only question to be settled, in the present case, is, whether the former law has been changed or abrogated by the new code? To prove that an alteration has been made in the law, relative to the liability of joint owners of steam-boats and other vessels, we are referred to the art. 2796 of the L. Code, which contains a definition of commercial partnerships, wherein it is declared, that an association, for the purpose of carrying personal property, for hire, in ships or other vessels, is a commercial partnership. The arts. 2798 and 2823 show clearly, that all the legislation contained in the C. Code, respecting commerce, had reference to a commercial

Eastern District.
*December*, 1829.

KIMBAL
*vs.*
BLANC & AL.

code, which was then made out, by the persons to whom the task of code making had been confided, and was ready to be submitted to the legislature for adoption. This last code never received legislative sanction, and is therefore without the force of law: but, as the former was passed in reference to it, on matters which concern commerce, there cannot be any impropriety, in looking therein for aid in interpreting the provisions of the C. Code, on commercial subjects. In the projected code of commerce, by the art. 147, it is expressly stated, that a joint ownership of ships and other vessels creates a special partnership. The art. 163 declares, that in such partnership, the owners are not bound *in solido.* Now, if these rules were in force, no question could arise on the apparent contradiction between them and the 2796th art. of the L. Code; for, in cases of repugnancy, it is expressly provided, that the commercial code should prevail, in matters relating to commerce. See the *articles* above cited, 2798 and 2823.

There is certainly something extraordinary in the reference made from the C. Code to the commercial code; as, from the situation in which they were placed, we are required to

look forward to a thing to be created, and which has not yet received any legal existence: but the absurdity of that course of legislation, is much paliated, by the circumstance of both the codes being at the time mere projects, and both drawn up by the same agents of the legislature. In such a state of legislation, we are unable to discover, with certainty, the will of our law-makers: it is, however, believed, that they intended to leave the laws, in relation to commerce, as they were at the time of adopting the L. Code, until the commercial code should receive legislative sanction. Yet, if any of the provisions contained therein are contrary and wholly repugnant to the rules of the commercial system, as it existed at the time of enacting the C. Code, they must yield to the imperative authority of the posterior law.

We are, therefore, compelled to decide, whether a just interpretation of that part of the 2796th art. of the code, which defines that to be commercial partnership, which is formed for carrying personal property, for hire, in ships or other vessels, be or be not, contrary to the law which had previously governed us in relation to joint owners of steam-boats.

Eastern District.
*December*, 1829.

KIMBAL
*vs.*
BLANC & AL.

It is evident, that the owners of vessels may not be the carriers of goods, as contemplated by the law; they might charter them to other persons, for the purpose of being used by the latter, in any carrying trade in which they may see fit to employ them. If a ship or other vessel be hired by a partnership, formed for the purpose of carrying property, the members of such association would be bound *in solido* to those who should be injured by their negligence or that of their agents. The owners would, perhaps, be bound in the same manner, if they held themselves out to the community as partners in the carrying trade: but the bare circumstance of their being joint owners, cannot produce this effect, without, in our opinion, doing violence to the will of the legislature. They passed the C. Code, in allusion to a code of commerce to be made, and did not intend to alter, radically, the rules which then prevailed in matters of commerce, except by a subsequent adoption of that code to which they alluded. In such a state of our jurisprudence, the known and established laws of the country ought not to be made to yield to subsequent enactments, unless the former are found to be wholly repugnant to the latter.

If efficacy can be given to both, by any rea-
sonable mode of construction, it should be
done: and this, we think, may be effected by
considering the provision of the C. Code, as
exclusively applicable to a company, formed
expressly to conduct the business of carriers;
leaving joint owners of vessels to their former
responsibility, as partners in an ordinary
partnership.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be avoided, reversed and annulled: and it is
further ordered, that the cause be remanded
to said court, to be proceeded in according to
law, and that the appellee pay the costs of this
appeal.

*Duncan* for the plaintiff, *Waggaman* for
the defendants.